ENTERED NOV 0 7 2014

STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-43
3/27/2014
MMM-KEN-05-27-14

ALLAN FRENCH,
Petitioner,

v.

**ORDER ON RULE 80C PETITION**

MAINE UNEMPLOYMENT INSURANCE
COMMISSION,
Respondent.

Before the Court is Allan French's Rule 80C Petition seeking review of the following decisions by the Unemployment Insurance Commission (the "Commission"): (1) Decision No. 13-C-07835, dated October 9, 2013; and (2) Decision No. 13-C-07836, dated October 9, 2013. These decisions denied French's request for reconsideration of the Commission's prior decision to disqualify French from receiving unemployment benefits and to impose a penalty under 26 M.R.S. § 1193(6).

**FACTUAL AND PROCEDURAL BACKGROUND**

At all times relevant hereto, French was a recipient of unemployment benefits. Using the Interactive Voice Response ("IVR") system, Petitioner filed claims for unemployment benefits for the weeks ending April 7, 2012 through August 18, 2012 and November 10, 2012 through December 8, 2012. (R. 109-14; 126-30.) In response to the question "Did you work or earn any money during the week claimed?", Petitioner responded "No" for each week in question. (R. 109-14; 126-30.) However, during that period, Petitioner was employed by L.L. Bean and received wages. (R. 131.) As a result, instead of receiving a reduced amount reflecting his wages

from L.L. Bean, Petitioner received the full amount of $2,029 in unemployment benefits for the weeks ending April 7, 2012 through August 18, 2012, and $850 in unemployment benefits for the weeks ending November 10, 2012 through December 8, 2012. (R. 30, 35.)

To justify erroneous answers given through the IVR system, Petitioner made the following statements. When he called in, he "[did not] listen to every single question. [He] kind of just jump[ed] ahead and [he] just pressed the number and [went] on to the next question." (R. 37.) Petitioner also stated that it was his understanding that any mistake made in the filing transmitted through the IVR system, would be cleared if Petitioner promptly submitted his pay stubs to the Bureau of Unemployment Compensation (the "Bureau"). (R. 80.) Therefore, it was Petitioner's practice to fax his pay stubs to the Bureau for each week that he worked. (R. 78.) The Bureau, however, did not receive French's pay stubs from L.L. Bean for the weeks at issue. (R. 65.) Petitioner testified at the Administrative hearing that he was unaware that he had not successfully faxed the pay stubs to the Bureau. (R. 78.) To explain why the Bureau did not receive the pay stubs for the weeks at issue, Petitioner stated that rather than using a FedEx Kinko fax machine, which he had previously used and which provided a confirmation of a successful transmission, he used his home fax machine, which did not provide a confirmation. (R. 78.)

As a result of an audit and investigation, the Bureau determined that Petitioner made false statements or representations knowing them to be false and failed to disclosed material facts in his application for benefits. (R. 124.) Pursuant to 26 M.R.S. § 1193(6), the Deputy: (1) determined that Petitioner was disqualified from receiving unemployment benefits for the weeks at issue; (2) assessed a 50% penalty in the amount of $1,014.50 for the weeks ending April 7, 2012 through August 18, 2012, and $425 for the weeks ending November 10, 2012 through

2

December 8, 2012; and (3) determined that Petitioner was ineligible for benefits for one year. (R. 104, 124.) According to the Deputy's determination, the total amount of $4,318.50 was due from Petitioner. *Id.*

Petitioner appealed to the Division of Administrative hearings, which held a telephone hearing on March 25, 2013 attended by Petitioner and a representative of the Bureau. (R. 45-99.) The hearing officer issued a decision finding that Petitioner knowingly made false statements, affirmed the amounts due determined by the Deputy, but reduced disqualification from benefits from one year to six months. (R. 25-34.) Petitioner filed an appeal with the Maine Unemployment Insurance Commission, which affirmed and adopted the Administrative Hearing Officer's decision. (R. 1, 4.) The Commission's decisions are on appeal in this matter.

## STANDARD OF REVIEW

The court must affirm agency decisions unless it finds an abuse of discretion, error of law, or findings unsupported by substantial evidence from the record.[1] *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 14, 818 A.2d 1013 (citation and quotation marks omitted). The petitioner bears the burden of proving that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted). "Judges may not substitute their judgment for that of the agency merely because the evidence could give rise to more than one result." *Gulick v. Bd. of*

---

[1] Under the statutory iteration, the Superior Court may only reverse or modify an administrative decision if it is:
    (1) In violation of constitutional or statutory provisions;
    (2) In excess of the statutory authority of the agency;
    (3) Made upon unlawful procedure;
    (4) Affected by bias or error of law;
    (5) Unsupported by substantial evidence on the whole record; or
    (6) Arbitrary or capricious or characterized by abuse of discretion.
5 M.R.S.A. § 11007(4)(C).

*Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982) (citation omitted). Rather, the court will defer to administrative conclusions when based on evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and quotation omitted).

## DISCUSSION

Pursuant to 26 M.R.S. § 1193, an individual shall be disqualified for benefits, if "for any week for which the deputy finds that the claimant made a false statement or representation knowing it to be false or knowingly failed to disclose a material fact in the claimant's application to obtain benefits from any state or federal unemployment compensation program administered by the bureau." In addition, for a first or second occurrence, the claimant will be "ineligible to receive any benefits for a period of not less than 6 months nor more than one year from the mailing date of the determination, and the commissioner shall assess a penalty of 50% of the benefits falsely obtained for the first occurrence and 75% for the second occurrence." *Id.*

In *Hebert v. State*, the Law Court laid out the standard for determining whether a claimant made a "false statement or representation knowing it to be false or knowingly failed to disclose a material fact" pursuant to 26 M.R.S. § 1193(6). 323 A.2d 1, 6 (Me. 1974). The Law Court held that "[o]nly after an evaluation of [the claimant's] subjective comprehension of the meaning of the question can a proper determination be made as to whether [claimant's] answer was 'knowingly false'—in the sense that in accordance with [claimant's] own special understanding of the question, he was subjectively cognizant that his answer was contrary to fact, thereby to be a deception, a 'lie.'" *Id.* at 7. The objective assessment of the meaning of the question, *i.e.* how an average reasonable person would understand the words used in the question, does not matter; rather Maine's employment security law requires a "fully subjective approach to falsity." *Id.*

4

In *Miller v. Commissioner, Maine Department of Human Services*, the court clarified that if the record shows that a claimant subjectively understood the question asked, that he knew the answer, and that he intentionally answered it the way he did, the requirements of 26 M.R.S. § 1193(6) would be satisfied. 1999 WL 35298216 (Me. Super. Jan 21, 1999).

Petitioner does not argue that he understood the question "Did you work or earn any money during the week claimed?" to mean anything other than a directive to report his earning from L.L. Bean. Indeed, Petitioner admitted that he might have "made a mistake," but hoped that it would be "cleared" by his submission of the pay stubs. (R. 80.) Instead, he claims that his misrepresentations were not made "knowingly," but resulted from his decision to use his home fax machine to submit the pay stubs to the Bureau, which he characterizes as an "oversight." (R. 78.)

But Petitioner's claim that his actions were a mere "oversight" is controverted by other competent evidence in the record that Petitioner knowingly failed to report his earnings from L.L. Bean. The Commission was presented with the following evidence on the issue: (1) this was not a case where the Claimant made a misrepresentation once or twice, this is a case where a misrepresentation was made six times between April and August 2012, and five times between November and December 2012 (R. 109-14; 126-30); (2) Petitioner was well aware of the procedure of submitting his claims through the IVR system and had a history of filing his claims correctly (R. 22, 85); (3) Petitioner disregarded the fact that, in spite of his alleged submission of pay stubs by fax, a full amount of benefits, without any deduction reflecting the wages from L.L. Bean, was deposited into his bank account for the weeks at issue (R. 40); Petitioner received weekly notifications from the Department of Labor indicating that a full amount of benefits had been deposited into Petitioner's bank account for the weeks he should have received reduced

amounts due to his employment with L.L. Bean. (R. 41.) Thus, the Commission reasonably discredited Petitioner's testimony that the erroneous statements made through the IVR system were merely "an oversight" and gave credit to the evidence that supported a finding opposite to Petitioner's assertions, *i.e.* that misrepresentations made by Petitioner were willful. (R. 78.)

Resolution of credibility issues is uniquely the Commission's province as a fact finder. *Cotton v. Maine Emp't Sec. Comm'n*, 431 A.2d 637, 640 (Me. 1981) (holding that where the Commission's decision made plain that, after granting employee unrestricted opportunity to present its case, and Commission resolved critical credibility issue in favor of employer and against employee, Commission's decision could not be held "clearly erroneous" since resolution of credibility issue was uniquely Commission's province as fact finder). Thus, this Court must defer to the Commission on credibility issues and findings of fact. *JMC Corp. v. Maine Unemployment Ins. Comm'n*, 2002 WL 2015020 (Me. Super. May 20, 2002). The Commission's decision is, therefore, upheld on this basis.

The entry will be:

French's appeal from the Commission's Decision No. 13-C-07835 dated October 9, 2013 and Decision No. 13-C-07836 dated October 9, 2013 is **DENIED.**

_____

5/27/14

**DATE**

_____

**SUPERIOR COURT JUSTICE**

6

Action: <u>Petition for Review</u>
80C

**J. Murphy**

| Allan French | vs. | Unemployment Insurance Commission |
|---|---|---|

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Allan French, Pro Se<br>882 Lewiston Road<br>PO Box 592<br>New Gloucester, ME 04260 | -Elizabeth Wyman, AAG<br>-William Laubenstein, III, AAG<br>-Nancy Macirowski, AAG<br>6 State House Station<br>Augusta, ME 04333-0006 |

Date of Entry

| | |
|---|---|
| 11/13/13 | Letter requesting appeal, w/ attachments, filed 11/6/13. s/French, Pro Se |
| 11/20/13 | Letter entering appearance, filed 11/15/13. s/Wyman, AAG |
| 11/20/13 | Certified Mail receipt addressed to Unemployment Insurance Commission, date of delivery 11/7/13 (no signature), filed 11/19/13 by Petitioner. |
| 12/16/13 | Administrative Record, filed. s/Wyman, AAG |
| 12/16/13 | Notice and Briefing Schedule issued. Copies sent to Elizabeth Wyman, AAG, Allan French, Pro Se. |
| 1/27/13 | Petitioners Brief, filed. s/French, Pro Se |
| 2/12/14 | Brief of Respondent, filed. s/Laubenstein, AAG |
| 2/26/14 | Oral argument scheduled for 4/9/14 at 9:00.<br>Notice of Hearing sent to Petitioner, AAG Laubenstein, AAG Wyman |
| 3/28/14 | Letter entering appearance on behalf of Commission, filed. s/Macirowski, AAG |
| 4/9/14 | Oral argument held. J. Murphy presiding.<br>Petitioner and Nancy Macirowski, AAG present.<br>Tape 1835, Index 3855-4575<br>Under advisement. |
| 5/28/14 | ORDER ON RULE 80C PETITION, Murphy, J. (5/27/14)<br>French's appeal from the Commission's Decision No. 13-C-07835 dated October 9, 2013 and Decision No. 13-C-07836 dated October 9, 2013 is DENIED.<br>Copy to Petitioner and AAG Macirowski.<br>Copy to Repositories. |
| 5/28/14 | Notice of removal of record sent to AAG Macirowski. |